MARY NELLESSEN,

        Plaintiff,

  v.

Case No. 25-cv-1263-pp

FRANK J. BISIGNANO,

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)

    The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

    Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective the December 1, 2023, #14). To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

    The plaintiff has demonstrated that she cannot pay the $405 fee. The plaintiff's affidavit indicates that she is not employed, she is married and her

1

spouse is employed, and she has no dependents she is responsible for supporting. Dkt. No. 2 at 1. The plaintiff's spouse earns $850 per month in wages and salary and receives $2,357 per month from Social Security. Id. at 2. The plaintiff lists expenses totaling $3,062 ($1112 mortgage, $900 credit card payments, $1,050 other household expenses). Id. at 2-3. The plaintiff owns her home and says that she has approximately $60,000 in equity in it, she owns a 2017 Nissan worth approximately $8,000, she owns no other property of value, and she has $23 in a checking account and $10 in a savings account. Id. at 3-4. Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she was denied benefits by the Commissioner for lack of disability, that she is disabled and that the conclusions and findings of fact by the Commissioner when denying benefits are not supported by substantial evidence and are contrary to law and

regulation. Dkt. No. 1 at 1-2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 22nd day of August, 2025.

                         **BY THE COURT:**

                         **HON. PAMELA PEPPER**
                         **Chief United States District Judge**